A. D. KENAMOND, Judge.
Claimant Lena Barr sought compensation in the amount of $500.00 for loss resulting from damage to her automobile while driving on state route 72, charging the state road commission with negligence in permitting loose rocks to hang upon the hank of said road.
On March 14, 1950, claimant was driving her 1949 Dodge sedan on state route 72, enroute from her home at St. George to Parsons in Tucker County. She alleged that when rounding a blind turn a rock, about as large as a half gallon bucket, rolled down from her righthand side and struck her automobile from underneath, puncturing the oil pan and thereby causing all the oil to leak from it. Claimant, though knowing that the rock had struck the underside of her car, continued her journey *142 to Parsons, bul. when she had proceeded about four miles on her return to St. George the ear stopped, the engine having been burned up by reason of the aforesaid loss of oil. She had the car hauled into St. George, and later hauled back to a Parsons garage by a wrecker.
The repair bill from the Parsons garage amounted to $257.86. The claimant’s insurance company paid, or agreed to pay, for the oil pan, but declined to pay other damages on the ground that they were caused by driving the car alter the accident.
The claimant, had been driving over this road about three times a week, had never had any difficulty with falling rocks, and before the accident had never noticed any loose rocks on the hillside. At. the point of accident the blacktopped roadway is sixteen fool wide with a berm of live to six feet on each side, and the adjacent hillside is clean cut. The road maintenance foreman for Tucker county stated that he knew no way of preventing some detrition from the shaly rock of the hillside. In recognition of such maintenance dillieulfy, there- was a road sign about, four feet, above ground on route 72 near Parsons, warning against, falling rock, and a similar sign on same route about one-tenth mill- beyond tin- point of turning oil' to St. George.
If has been repeatedly held by this court that the state is not a guarantor of salety to the traveling public and no negligence on the part, of the- state or the agency involved was shown in this case. Accordingly, an award is denied and the claim dismissed.